**19 CV 03143**

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

LOCAL ONE SECURITY OFFICERS UNION,

    Plaintiff,

- against –

NEW YORK UNIVERSITY,

    Defendant.

Index No.

**COMPLAINT**

Local One, Security Officers Union ("Local One"), by and through its counsel Hoffmann & Associates, as for its complaint against New York University ("NYU"), respectfully alleges as follows:

**PRELIMINARY STATEMENT**

1. This is an action for a temporary restraining order to stay a labor arbitration commenced by Defendant New York University ("NYU") with the American Arbitration Association ("AAA"), on the basis that Plaintiff never agreed to arbitrate any such matters with New York University.

2. Plaintiff's counsel received Defendant's Demand for Arbitration ("Demand") on March 6, 2019.

3. On or about December 11, 2018, non-party Richard Berger, a member of Local One, filed a civil action in New York State Supreme Court under the index number 161553/2018 (the "Berger Action") against NYU, alleging statutory claims for underpayment of wages under the New York Labor Law. That action was subsequently removed by Defendant to this District, where it is currently pending before the Hon. District Judge J. Paul Oetken under index number 19-cv-00267 (JPO).

1

4. On or about March 6, 2019, Defendant filed a Demand for Arbitration against Plaintiff, alleging that the claims asserted by Berger must be adjudicated through contractual arbitration between Plaintiff and Defendant pursuant to a Collective Bargaining Agreement ("CBA") entered into between Plaintiff and Defendant.

5. The Berger Action does not allege the violation of any of the terms of the CBA, and does not involve the CBA in any way.

6. Local One is not a party to the Berger Action.

7. Local One now seeks an injunction staying the arbitration commenced by Defendant on the ground that there is no agreement between the parties to arbitrate any of the claims raised in the Berger Action.

## JURISDICTION

8. This Court has subject matter jurisdiction over this action pursuant to Section 301 of the Labor Management Relations Act, 29 U.S.C. § 185, and 28 U.S.C. § 1331.

## VENUE

9. Venue is proper in this district pursuant to Section 301 of the Labor Management Relations Act, 29 U.S.C. § 185.

## THE PARTIES

10. Plaintiff Local One Security Officers Union is a Labor Organization as defined by Section 2(5) of the National Labor Relations Act, 29 U.S.C. § 152(5), and it maintains its principal place of business at 419 Lafayette Street, Third Floor, New York, NY 10003.

11. Defendant New York University is an education corporation organized and existing under the laws of the State of New York with a principal place of business at 70 Washington Square South, New York, NY 10012.

## FACTS

12. On or about March 6, 2019, Counsel for Defendant filed a Demand for Arbitration with the American Arbitration Association ("AAA") demanding arbitration between Local One and NYU over the statutory claims asserted by non-party Richard Berger in the Berger Action.

13. The CBA entered into between Plaintiff and Defendant sets forth a grievance procedure and eventual arbitration process which is limited to claims "between the Employer and the Union respecting any of its members employed by the Employer or the Employer and the Union as to the meaning, application, or operation of any provision of this Agreement."

14. In the Berger Action, non-party Berger seeks for himself and on behalf of a putative class of similarly situated individuals to recover underpayment of wages pursuant to certain delineated provisions of the New York Labor Law and its implementing regulations. Specifically, Berger asserts two causes of action for: unpaid overtime compensation (under NYLL § 663 and 12 NYCRR § 142-2.2) and for failure to pay wages (under NYLL §§ 663 and 190, *et seq.* which encompasses, *inter alia*, NYLL §§ 191, 193, and 198).

15. No agreement to arbitrate any statutory claims for underpayment of wages between members of Local One and NYU exists under the CBA or elsewhere.

16. The claims asserted in the Berger Action do not arise from the CBA; do not challenge or rely upon any provision of the CBA; and in no way involve any interpretation of the CBA.

17. Accordingly, the grievance and arbitration procedures of the CBA do not apply to the claims asserted in the Berger Action, and cannot be arbitrated pursuant to the CBA.

18. Because there is no valid arbitration agreement supporting the Demand, Plaintiff contends that the arbitration commenced by Defendants should be stayed.

### First Cause of Action
### (Injunctive Relief)

19. Plaintiff repeats and alleges every allegation set forth in paragraphs 1 through 18 as if fully set forth herein.

20. No agreement to arbitrate Berger's statutory wage claims exists.

21. Without injunctive relief, Local One will be irreparably harmed.

22. If the injunction is not granted, Local One will be required to arbitrate claims which it did not assert and which are not the subject of any CBA it entered into and do not relate to any of the provisions of any CBA it entered into with NYU.

23. Plaintiff has not, and does not, consent to arbitration with Defendant over Berger's statutory wage claims before the AAA.

24. Plaintiff has not participated in the arbitration demanded by Defendant against Plaintiff.

25. Defendant must be enjoined from proceeding with the arbitration it commenced before the AAA.

**WHEREFORE,** Plaintiff respectfully requests that an injunction be entered permanently staying the arbitration demanded by Defendant against Plaintiff, and for such other and further relief that the Court may deem just and equitable.

Dated: New York, New York
April 8, 2019

HOFFMANN & ASSOCIATES

By: _____
Andrew S. Hoffmann, Esq.
450 Seventh Avenue
Suite 1400
New York, New York 10123
(212) 679-0400

*Attorneys for Plaintiff*

TO:   Joseph A. Piesco, Esq.
      Garrett D. Kennedy, Esq.
      DLA PIPER US LLP (NY)
      1251 Avenue of the Americas, 27th Floor
      New York, New York 10020

      *Attorneys for Defendant*